813 F.2d 1190
 25 ERC 1881, 17 Envtl. L. Rep. 20,649
 SANDERS LEAD COMPANY, INC., Petitioner,
v.
Lee M. THOMAS, in his capacity as Administrator of the
United States Environmental Protection Agency, and
the United States Environmental
Protection Agency, Respondents.
 No. 86-7459.
 United States Court of Appeals,
Eleventh Circuit.
 April 6, 1987.
 
 James S. Stokes, Alston & Bird, Nill V. Toulme, Sydney S. Cleland, Atlanta, Ga., for petitioner.
 Joseph Freedman, U.S. E.P.A., Office of General Counsel, Washington, D.C., for Lee Thomas and E.P.A.
 Michael D. Rowe, U.S. Dept. of Justice, Land & Natural Resources Div., Washington, D.C., for respondents.
 Petition for Review of an Order of the Environmental Protection Agency.
 Before RONEY, Chief Judge, HILL and KRAVITCH, Circuit Judges.
 
 BY THE COURT:
 
 1
 The Resource Conservation and Recovery Act (RCRA), 42 U.S.C.A. Sec. 6901, et seq., requires a "permit" for the operation of a hazardous waste management facility. Sanders Lead Company, Inc. was operating under an "interim status" pending completion of its RCRA permit application. As an "interim status" facility, Sanders was subject to certain performance standards, including requirements for sudden and nonsudden accidental occurrences insurance coverage. Sanders applied for a variance from the nonsudden accident insurance requirement, which variance was denied by the Environmental Protection Agency (EPA), Region IV. The Region IV decision was affirmed on appeal to the EPA Administrator. Sanders then filed this petition for review challenging EPA's final action. EPA moved to dismiss for lack of jurisdiction.
 
 
 2
 Title 42 U.S.C.A. Sec. 6976(b)(1) provides for a review in the appropriate Court of Appeals when the EPA takes final action "issuing, denying, modifying, or revoking any permit...." Following the reasoning expressed in Hempstead County and Nevada County Project v. EPA, 700 F.2d 459, 462 (8th Cir.1983), we hold "that Section 6976(b) does not confer upon this Court jurisdiction for direct review of an 'interim status' determination made by the EPA pursuant to Section 6925(e)." 700 F.2d at 462. The Government cited an unpublished opinion of the Sixth Circuit which also follows the reasoning and result of Hempstead. See Granger Land Development Co. v. Thomas, 786 F.2d 1164 (6th Cir.1986). No case directly to the contrary has been cited.
 
 
 3
 Respondents' motion to dismiss this appeal for lack of jurisdiction is GRANTED.